IN THE UNITED STATES DISCTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEIGHTS CHECK CASHERS, INC., ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES POSTAL SERVICE, ) ) Defendant. ) | No. 18 C 990 Hon. Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Chicago Heights Check Cashers, Inc. filed this action against Defendant United States Postal Service in the Circuit Court of Cook County, Illinois, alleging Defendant is liable for payment to Plaintiff on a check issued to a third party. Defendant removed the case to this court pursuant to 28 U.S.C. § 1442(a) and 39 U.S.C. § 409(a). (Notice of Removal (Dkt. No. 1).) Presently before us is Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Dkt. No. 9.) For the reasons set forth below, we grant Defendant's motion, without prejudice.

**BACKGROUND**

Plaintiff filed a complaint against Defendant in the Circuit Court of Cook County, Illinois on August 15, 2017. (Notice of Removal ¶ 1.) Plaintiff alleges Defendant issued a check on March 2, 2017 in the amount of $1,000.00 payable to Joseph A. Minotti and drawn on

Defendant's bank account. (Resp. (Dkt. No. 14) at 1.)[1] Plaintiff is a business that provides check-cashing services, and it alleges that it paid cash to Minotti in exchange for the check. (*Id.*) However, the check was later dishonored when presented to Defendant for payment. (*Id.*) As a result, Plaintiff was charged a $25.00 "return check" fee by its bank. (*Id.*) Plaintiff's complaint asserted claims pursuant to the Illinois Uniform Commercial Code, 810 ILCS 5/1–101, *et seq.*

Defendant removed the case on February 7, 2018 under 29 U.S.C. ¶ 409(a), which provides that any state court action in which the United States Postal Service is a party may be removed to federal district court as set forth in 28 U.S.C. § 1442(a). (*Id.* ¶ 5.) *See also* 28 U.S.C. § 1442(a)(1) (providing that "[a] civil action . . . that is commenced in a State court and that is against or directed to . . . [t]he United States or any agency thereof" may be removed to the district court for the district and division embracing the place wherein it is pending). Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) on March 14, 2018, arguing Plaintiff failed to perfect service of process. (Mem. in Support of Mot. to Dismiss ("Mem.") (Dkt. No. 9).)

Relying on a letter received from Defendant in an unrelated case, Plaintiff alleges it believed Defendant was amenable to service of process at its Tort Claims Office, located at 433 West Harrison Street, Second Floor, Chicago, Illinois 60699. (Resp. at 3.) Plaintiff contends it attempted to serve Defendant at the Tort Claims office by placing its Summons and Complaint with the Cook County, Illinois Sheriff's Department. (*Id.* at 4.) Plaintiff alleges "the Sheriff was unable to serve Defendant, and a Special Process Server again attempted to serve Defendant" at the Tort Claims Office, but was notified by an employee there that "service of

---

[1] Defendant failed to attach the complaint to the notice of removal. We therefore recount the relevant background facts from the parties' briefs, as the facts about the underlying claims are not in dispute for purposes of deciding this motion.

process must be sent to Eagan, MN." (*Id.*) Plaintiff asserts service was thereafter effectuated on Defendant on October 16, 2017 at 2825 Lone Oak, Eagan, Minnesota 55121. (*Id.*)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011); *see also Chapman v. U.S. Marshal for N. Dist. of Ill.*, 584 F. Supp. 2d 1083, 1090 (N.D. Ill. 2008) ("When a defendant challenges the sufficiency of service, the burden is on the [p]laintiff to affirmatively demonstrate otherwise."). Where the plaintiff has not met its burden "and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Cardenas*, 646 F.3d at 1005 (citing Fed. R. Civ. P. 4(m)). "[T]he decision of whether to dismiss or extend the period for service is inherently discretionary." *Id.*

## ANALYSIS

Under the Federal Rules of Civil Procedure, within 90 days of the date of removal, a plaintiff "must ensure that each defendant receives a summons and a copy of the complaint against it" in order to avoid possible dismissal. *Cardenas*, 646 F.3d at 1004; Fed. R. Civ. P. 4(b), (c)(1), (m); *see also* Fed. R. Civ. P. 81(c)(1) (providing the Federal Rules of Civil Procedure apply to a civil action after it is removed from state court). "These service requirements provide notice to the parties, encourage parties and their counsel to diligently pursue their cases, and trigger a district court's ability to exercise jurisdiction over a defendant." *Cardenas*, 646 F.3d at 1005 (citations omitted). "Actual notice to the defendant is insufficient;

the plaintiff must comply with the directives of Rule 4." *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001).

Federal procedural rules govern proper service over the United States Postal Service. 39 U.S.C. § 409(b) ("[T]he provisions of title 28 relating to service of process . . . in suits in which the United States, its officers, or employees are parties, and the rules of procedure adopted under title 28 for suits in which the United States, its officers, or employees are parties, shall apply in like manner to suits in which the Postal Service, its officers, or employees are parties."). To properly serve a United States agency or corporation, a party must deliver the summons and complaint to the agency, and it must also serve the United States. Fed. R. Civ. P. 4(i)(2). To serve the United States, a plaintiff must deliver a copy of the summons and complaint to (1) the United States Attorney for the district where the action is brought (or a designated employee), and (2) the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1). If the plaintiff fails to properly serve an agency but properly served either the United States Attorney or the Attorney General of the United States, the court must allow the plaintiff a reasonable time to cure its failure. Fed. R. Civ. P. 4(i)(4)(A). Here, Plaintiff served neither the United States Attorney nor the Attorney General, and it has provided no reason for its failure to do so. Accordingly, service was improper. *See McMasters*, 260 F.3d at 818 (finding improper service where the plaintiff mailed a copy of the summons and complaint to the Attorney General, but failed to serve the United States Attorney); *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996) (stating that a plaintiff must comply with both prongs of 4(i)(1) "for good reason: that's what the rule says").

Having determined Plaintiff improperly served Defendant, we next decide whether to dismiss Plaintiff's case or grant Plaintiff an extension of time to perfect service. Under Rule 4(m), "a district court must first inquire whether a plaintiff has established good cause for

failing to effect timely service," because if good cause is shown, "the court *shall* extend the time for service for an appropriate period." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Id.*; *see also United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) ("In other words, if good cause for the delay is shown, the court *must* extend the time for service, while if good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time.").

Here, while Plaintiff recounts its efforts in attempting to serve the Postal Service, Plaintiff has not so much as attempted to demonstrate good cause for failing to serve the United States Attorney and the Attorney General. "[A] lawyer who does not read the rules lacks good cause." *Tuke*, 76 F.3d at 157 (affirming dismissal pursuant to Rule 12(b)(5) where the plaintiff failed to serve the Attorney General, and rejecting plaintiff's argument that he was "led astray" by a letter from the United States Attorney, as the letter did not "imply that the plaintiff could ignore Rule 4(i)(1)(B)"). Rule 4(i)(1) is "direct and clear" and plaintiff has provided no reason for ignoring or misunderstanding its straightforward requirements. *Id.* Plaintiff has thus not shown good cause for failing to properly serve Defendant.

We nevertheless consider a number of factors in exercising our discretion to dismiss the case or grant Plaintiff an extension of time to serve Defendant. *Cardenas*, 646 F.3d at 1006–07; *Manzanales v. Krishna*, 113 F. Supp. 3d 972, 977 (N.D. Ill. 2015). Although "Rule 4(m) does not specify which factors the district court must consider in exercising its discretion," relevant considerations include (1) whether the expiration of a statute of limitations would prevent refiling; (2) the harm to the defendant's ability to defend; (3) whether the defendant received

5

actual notice of the lawsuit; (4) whether the defendant evaded service; (5) whether the defendant was eventually served; (6) whether the plaintiff requested an extension from the court due to the difficulties in perfecting service; (7) plaintiff's diligence in pursuing timely service. *Cardenas*, 464 F.3d at 1006–07. "[T]he plaintiff who fails to demonstrate good cause for his delay throws himself on the mercy of the district court." *McLaughlin*, 470 F.3d at 700.

Plaintiff argues it relied on Defendant's correspondence indicating it could be served at its Tort Claims Office, located at 433 West Harrison Street, Second Floor, Chicago, Illinois. (Resp. at 3.) Plaintiff asserts it unsuccessfully attempted to serve Defendant at the Tort Claims Office using the Cook County Sheriff's Department and a special process server, but a Postal Service employee eventually notified Plaintiff that service of process "must be sent to Eagan, MN." (*Id.* at 4.) Plaintiff argues it then acted "upon the good faith belief that the Eagan address was the proper place to serve Defendant, [and] service was effectuated at the Eagan address on October 16, 2017." (*Id.*) Plaintiff further argues that "it is simply not possible that Plaintiff could have been explicitly notified that service at the Eagan address would be improper for effectuating service upon Defendant." (*Id.*)

However, regardless of Plaintiff's good faith misunderstanding as to the proper place for serving Defendant, it has provided no indication of any efforts to properly serve the United States via the United States Attorney and Attorney General, as required under Rules 4(i)(1) and 4(i)(2). Moreover, Defendant argues—and Plaintiff does not dispute—that it never received actual notice of the lawsuit, and it did not attempt to evade service. *Cardenas*, 464 F.3d at 1006–07. Nor did Plaintiff show any attempt to comply with Rule 4 or to seek an extension of time to complete proper service. *Id.* Accordingly, we find the relevant factors weigh in favor of dismissing Plaintiff's suit for failure to serve process within the time

prescribed by Rule 4. We therefore grant Defendant's motion and dismiss Plaintiff's case pursuant to Rule 12(b)(5), without prejudice.[2] *Cardenas*, 646 F.3d at 1007; *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss pursuant to Rule 15(b)(5) is granted, without prejudice. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: May 31, 2018
Chicago, Illinois

---

[2] Defendant argues Plaintiff should "be required to file a new suit in federal court rather than be allowed to amend their complaint, which would allow it to continue to ignore the rules of service in order to avoid this court's filing fees." (Mem. at 6.) Defendant also asserts a "new suit would also avoid the derivative jurisdiction bar that a properly served complaint in this removed state-court case would encounter after proper service of process." (*Id.*) Because we are dismissing Plaintiff's complaint without prejudice, we need not address these arguments.